UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN WRIGHT, | ) |
|           Plaintiff, | ) |
| vs. | ) No. 2:17-cv-00073-LJM-MJD |
| DEE SMILEY, | ) |
| C. FUNK, | ) |
| G. EWING, | ) |
| LEVI EDWARDS, | ) |
|           Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
And Directing Plaintiff to Show Cause**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-payment* of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff is confined at the Vigo County Jail (the "Jail"). He filed this civil rights action presumably pursuant to 42 U.S.C. § 1983 on February 14, 2017, naming the following defendants: 1) Dee Smiley; 2) C. Funk; 3) G. Ewing; and 4) Levi Edwards. The plaintiff alleges that on October 6, 2016, he was a trustee at the Jail and Levi Edwards directed him to clean up a large amount of blood even though the plaintiff was not hazmat certified. He alleges that Mr. Edwards mixed some chemicals for him to use and that the chemicals he used effected his lungs to the point where the nurse had to call the poison control center because of his difficulty breathing. He now has to use an inhaler prescribed by a physician. He alleges he never had breathing problems before this incident. For relief, he requests that the Jail educate the trustees on blood spills and how to disinfect and decontaminate areas. He also requests that the trustees be hazmat certified.

The only allegations of wrongdoing are associated with defendant Edwards. None of the other defendants are alleged to have participated in any way in the October 6, 2016, incident. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemsich,* 555 F.3d 592, 594 (7th Cir. 2009). Merely naming supervisors or high level officials as defendants who did not participate in or direct or consent to the constitutional violation does not state a viable claim because *respondeat superior* is not sufficient to support a § 1983 claim. *See Childress v. Walker,* 787 F.3d 433, 439-40 (7th Cir. 2015). Because there are no allegations in the complaint implicating defendants Smiley, Funk and Ewing, any claims brought against those defendants are **dismissed for failure to state a claim upon which relief can be granted.**

With respect to the claim against Mr. Edwards, no facts lead to an inference that Mr. Edwards knew that the chemicals he provided for the cleaning assignment would harm the

plaintiff. The allegations against defendant Edwards at most assert a state law claim of negligence. Negligence is not sufficient to support a federal § 1983 claim. *See Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005); *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983). Therefore, the claim against Levi Edwards must be **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### III. Further Proceedings

The plaintiff shall have **through March 17, 2017,** in which to either show cause why judgment consistent with this Entry should not issue or to identify a viable claim which was not considered by the Court in this Entry. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for failure to state a claim upon which relief can be granted without further notice.

The Court also suggests that the plaintiff bring his request for training and information to the Jail officials for their consideration.

The clerk shall **update the docket** to add the plaintiff's identification number to his address.

**IT IS SO ORDERED.**

Date: 2/15/2017

*[signature: Larry J. McKinney]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN WRIGHT
#2981
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**